**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

AMANDA UNGARO, and
JERRY DAVIS,

      Plaintiffs,

v.                       No. _____

DANIEL CALT, an Albuquerque Police Officer,
sued in his individual capacity;
ANDREW COOK, an Albuquerque Police Officer,
sued in his individual capacity;
CITY OF ALBUQUERQUE, NEW MEXICO;
NEW MEXICO TITLE LOANS, INC.; GOTCHA REPO'D; and
HAROLD MONIA,

      Defendants.

**COMPLAINT FOR DAMAGES,**
**DECLARATORY AND INJUNCTIVE RELIEF, AND JURY DEMAND**

1.     During Defendants' illegal repossession, Defendant Harold Monia grabbed adolescent Jerry Davis by the torso, screamed violently at him, and punched him repeatedly in his face.

2.     Plaintiffs bring this Complaint for damages caused by the violations of their civil and constitutional rights, and by other tortious conduct. Defendants seized Ms. Ungaro's motor vehicle, and made misrepresentations, in violation of the Uniform Commercial Code, the federal Civil Rights Acts, 42 U.S.C. § 1983 and other New Mexico law.

1

**Jurisdiction and Venue**

3.  This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(4).  This Court has jurisdiction over the supplemental state claims under 28 U.S.C. § 1367.

4.  Venue is proper in this district under 28 U.S.C. § 1391 because Defendants reside or conduct business in this district, and all the events giving rise to these claims occurred in this district.

**Parties**

5.  Plaintiffs Amanda Ungaro and Jerry Davis, reside in Albuquerque, New Mexico.

6.  Defendant Daniel Calt was, at all material times, a law enforcement officer employed by the City of Albuquerque Police Department.  At all times material to this complaint, officer Daniel Calt was acting within the scope of his employment and under color of state law.  He is sued in his individual capacity under 42 U.S.C. § 1983.

7.  Defendant Andrew Cook was, at all material times, a law enforcement officer employed by the City of Albuquerque Police Department.  At all times material to this complaint, officer Andrew Cook was acting within the scope of his employment and under color of state law.  He is sued in his individual capacity under 42 U.S.C. § 1983.

8.  The City of Albuquerque, New Mexico ("the City") is a governmental entity within the State of New Mexico.  At all times the City exercised policy making authority and was the employer of Defendants Daniel Calt, and Andrew Cook.

9.    Defendant New Mexico Title Loans, Inc. ("NM Title Loans") is a local corporation and consumer credit financial institution whose principal business is sub-prime automotive financing and personal loans.  It conducts business in New Mexico, extending loans to New Mexico residents.

10.    Upon information and belief, Defendant Gotcha Repo'd's ("Gotcha") principal business is the repossession of motor vehicles and ancillary services.  Upon information and belief, Gotcha regularly performs repossession work for Defendant NM Title Loans.

11.    Defendant Harold Monia is an employee of, or contractor for, Gotcha at all relevant times pertaining to the repossession of Ms. Ugaro's vehicle.

### Facts Leading to the Repossession

12.    Defendant NM Title Loans claimed a lien on the title and a right to repossess the 2003 Mitsubishi Eclipse, VIN 4A3AC44G93E164.

13.    Title to the Eclipse was in the name of Amanda Ungaro.

14.    Ms. Ungaro gave the Eclipse to her minor son Jerry Davis for his use.

15.    Instead of proceeding through the court system, NM Title Loans sought to repossess the car through self-help repossession.

16.    New Mexico title Loans hired Gotcha Repo'd to assist with the repossession.

## The Illegal Repossession

17.    On November 26, 2015, Jerry Davis, drove the Eclipse to visit a friend at a nearby park.

18.    Defendant Harold Monia followed Jerry to the park with the intention of repossessing the Eclipse.

19.    After Jerry parked the vehicle, Defendant Monia immediately pulled in behind him, blocking him in the parking stall.

20.    Defendant Monia approached the window of the driver's side of the vehicle, where Jerry was sitting.

21.    Defendant Monia knocked on Jerry's window.

22.    The window knock got Jerry's attention, so he rolled down his window.

23.    Defendant Monia claimed that he was with a repossession company and that he was there to repossess the Eclipse.

24.    Jerry refused to give Defendant Monia the Eclipse, and started its engine.

25.    Defendant Monia reached into the open window of the Eclipse.

26.    Defendant Monia grabbed Jerry by the torso, and began to pull him through the open driver's window.

27.    Jerry put the Eclipse in reverse and backed it up to escape.

28.    The Eclipse bumped Defendant Monia's vehicle, which Monia used to physically trap Jerry in the parking space.

29.    Defendant Monia became violently enraged and began to scream at Jerry.

30.    Defendant Monia punched Jerry repeatedly on the left side of his face and torso.

31.  Still trapped by Defendant Monia's vehicle, Jerry shifted the Eclipse into drive and jumped the curb in front of him to escape Defendant Monia's belligerent and violent attack.

32.  Jerry drove the Eclipse to his home to escape from Defendant Monia abuse.

### The Police Got Involved in the Repossession

33.  Defendant Monia placed a 911 emergency telephone call to the Albuquerque Police Department.

34.  The police department dispatched officers Daniel Calt and Andrew Cook to Jerry's residence.

35.  During the 911 call, Defendant Monia lied to the police.

36.  Defendant Officers Daniel Calt and Andre Cook ("Defendant Officers") arrived on the scene.

37.  Jerry had possession of the Eclipse at the time that the Defendant Officers arrived.

38.  The Defendant Officers forced Jerry to give the Eclipse to the repossession agents.

39.  The Defendant Officers threatened Jerry with arrest for his resistance.

40.  Jerry stopped resisting the repossession because of the Defendant Officers' involvement.

41.  The Defendant Officers assisted Defendants Monia and Gotcha Repo'd in the wrongful repossession.

42.  Jerry complied with the commands of the Police Officers and yielded the car to the repossession agents.

43.  The Defendant Officers continued to stand by throughout the repossession.

## Damages

44. As a result of Defendants' actions, Ms. Ungaro and Jerry Davis suffered actual

    damages, including:

        a.   trespass;

        b.   personal injury;

        c.   pain and suffering;

        d.   fear and apprehension;

        e.   aggravation and frustration;

        f.   embarrassment;

        g.   lost enjoyment of life;

        h.   lose of use; and

        i.   damage to personal property.

45. Defendants are jointly and severally liable for the damages sustained by Ms.

    Ungaro and Jerry.

### First Claim for Relief:
### Deprivation of Property Rights - Conversion

46. The New Mexico Tort Claims Act waives immunity from this claim for the City and

    the Police Officers.

47. The actions of Defendants constitute conversion.

48. Defendants knowingly and willfully took possession of the Eclipse, or assisted the

    others to take possession, depriving her of the possession and beneficial use of her

    property, without due process, right or justification.

6

49.  Defendants unlawfully exercised dominion and control over the Eclipse in defiance of her rights.

50.  Defendants conduct constitutes the unauthorized and injurious use of Eclipse.

51.  The City, New Mexico Title Loans, Inc. and Gotcha Repo'd,, as employers of the individual defendants, are directly responsible under the doctrine of *respondeat superior*.

52.  The conversion was intentional, willful, wanton and reckless.

53.  Ms. Ungaro is entitled to recover actual and punitive damages, costs and attorney fees.

<u>**Second Claim for Relief:**</u>
<u>**Civil Rights Act**</u>

54.  Plaintiffs have a Fourteenth Amendment right against the unlawful deprivation of property without due process of law.

55.  The New Mexico Tort Claims Act waives immunity from this claim for the City and the Police Officers.

56.  New Mexico Title Loans, Inc. and its agents used an arm of the state in aid of their wrongful conduct, which was undertaken under color of law.

57.  The Defendants deprived Plaintiffs of those rights when they illegally seized possession of the Eclipse.

58.  Defendants' actions were intentional, willful, wanton and reckless, as they knew or should have known they did not have lawful justification to take the car.

59.  Plaintiffs are entitled to recover actual and punitive damages, costs and attorney fees.

**<ins>Third Claim for Relief: Battery of an Adolescent</ins>**

60.    The conduct of the Mr. Monia constitutes battery.

61.    New Mexico Title Loans, Inc., as employer of the Gotcha Repo'd and Mr. Monia, is

directly responsible under the doctrine of *respondeat superior*.

62.    Mr. Monia's conduct was intentional, reckless, willful, wanton, malicious and in

bad faith.

63.    Under New Mexico common law, Jerry is entitled to recover actual and punitive

damages.

**<ins>Fourth Claim for Relief:</ins>**
**<ins>Violations of the Uniform Commercial Code</ins>**

64.    New Mexico Title Loans Inc.'s actions violated Article 9 of the UCC.

65.    New Mexico Title Loans Inc. violated the UCC by engaging in a breach of the

peace.

66.    Plaintiffs are entitled to actual or statutory damages, whichever is greater.

**<ins>Fifth Claim for Relief:</ins>**
**<ins>Violations of the New Mexico Unfair Practices Act</ins>**

55.    New Mexico Title Loans Inc.'s actions constitute unfair or deceptive trade practices

within the meaning of the New Mexico Unfair Practices Act, NMSA 1978 §§ 57-

12-1 *et seq.* ("UPA"), as defined by NMSA 1978 § 57-12-2(D).

56.    New Mexico Title Loans Inc. willfully engaged in these unlawful trade practices.

57.    Plaintiffs are entitled to recover actual or statutory damages, trebled, plus

reasonable attorney fees and costs.

**Sixth Claim for Relief Against City of Albuquerque**

58.     Upon information and belief, the City maintains a policy and engages in the practice of assisting lenders and repossessors to take motor vehicles from consumers who are alleged to have defaulted on loans.

59.     Upon information and belief, the City trains its law enforcement officers that they are allowed to intervene in a breach-of-the-peace repossession situation for the purpose of enabling the repossessor to take possession of motor vehicles from consumers who are alleged to have defaulted on loans.

60.     These policies, practices and training have caused and are likely to cause the deprivation of property without due process of law.

61.     These policies, practices and training, pursuant to which Ms. Ungaro's vehicle was seized, were a primary factor behind the unlawful taking of her vehicle.

62.     The actions of the City, and its policies, practices and training proximately caused the deprivation of Ms. Ungaro's vehicle without due process of law and resulted in damages.

**Jury Demand**

63.     Plaintiffs request trial by six person jury on all issues so triable.

**Relief Requested**

WHEREFORE, Plaintiffs pray that this Honorable Court:

A.   Enter a declaratory judgment that the policies, practices and training of the City violated the civil rights of Plaintiffs;

B.   Enter an injunction forbidding Defendants from misrepresenting repossession rights;

C.   Award actual and punitive damages in an amount to be proven at trial, for conversion;

D.   Award actual and punitive damages in an amount to be proven at trial for civil rights violations;

E.   Award actual and punitive damages in an amount to be proven at trial for battery;

F.   Award actual or statutory damages, trebled, in an amount to be proven at trial for violations of the UPA;

G.   Award actual or statutory damages, whichever is greater, in an amount to be proven at trial for violations of the UCC;

H.   Award reasonable attorney fees and costs; and

I.   Grant such other relief as it deems just and proper.


Respectfully submitted,


/s/ Charles Parnall
Charles Parnall
Parnall and Adams Law
610 Gold Ave SW Suite 102
Albuquerque, NM 87102
Ph. 505-600-1417
Charles@ParnallAdams.com

10